

SERVE

NANCY BOUEY

No.  2013-13453 F

## 22ⁿᵈ Judicial District Court
## Parish of St. Tammany

Versus

## Louisiana

THE PANTRY, INC. D/B/A

KANGAROO EXPRESS

TO THE DEFENDANT    The Pantry, Inc. d/b/a Kangaroo Express through its registered agent for service of process:

Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802

You are hereby summoned to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22ⁿᵈ Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable the Judges of said Court this    24ᵀᴴ    day of    JULY    A.D. 20    13

*Malise Prieto*, CLERK OF COURT

BY:    S/JESSICA SCHOUEST

**A TRUE COPY**
*Jessica Schouest*
DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

**DEPUTY CLERK OF COURT**

ISSUED:7/25/13

Attorney    David R. Paddison    P1

600 Covington Center

Covington, LA 70434

Received on _____, 20 _____, and on the _____ day of _____, 20 _____,

I served a true copy of the within _____,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

_____
Deputy Sheriff

Parish of _____

EXHIBIT "A"

K-101

*101-15*

**22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY**

**STATE OF LOUISIANA**

NO. 2013-13453                                         DIVISION "F"

**NANCY BOUEY**

**VERSUS**

**THE PANTRY, INC.**
**d/b/a KANGAROO EXPRESS**

FILED: July 24, 2013                          Jessica Schouest
                                               DEPUTY CLERK

**PETITION FOR DAMAGES AS**
**A RESULT OF DISCRIMINATION IN THE WORKPLACE**

The Petition of Nancy Bouey, a person of the full age of majority, domiciled and residing in

St. Tammany Parish, Louisiana, with respect, represents:

1.

This Petition alleges illegal discrimination in the workplace, particularly, Kangaroo Express

store #3763, by defendant in violation of 42 U.S.C. § 2000e-2 and La. R.S. 23:332.  This Court has

jurisdiction over this matter under Art. 5 § 15 of the Louisiana Constitution of 1974 and La. R.S.

23:301.  Venue is proper in this Court under La. C.C.P. art. 74 and La. R.S. 23:301.

2.

Made defendant herein is The Pantry, Inc. authorized to do and doing business in this Parish

and State as Kangaroo Express (the "Pantry").

3.

Pantry, which is headquartered in North Carolina, has more than 13,000 employees in

thirteen (13) states, including Louisiana.

4.

Plaintiff became employed by Pantry on September 17, 2007, as the assistant manager of

Kangaroo Express Store #3763, located in St. Tammany Parish, Louisiana.  In December, 2007,

Plaintiff was promoted to Manager-in-Training and assisted in managing Kangaroo Express Stores

#3468, 3756, 3764 and 3763, all of which are in St. Tammany Parish, Louisiana.  In June, 2008,



Plaintiff was promoted to Manager and assigned to manage Kangaroo Express Store # 3756.

5.

In October, 2008, Plaintiff was promoted to District-Manager-in-Training. In March, 2009, Plaintiff became a District Manager for Pantry in 20502 district.

6.

Plaintiff became pregnant in 2009 and, on October 14, 2009, suffered a stress-induced miscarriage. Plaintiff had been hospitalized for fifty-three (53) prior to suffering the miscarriage. She returned to work on October 20, 2009. Shortly thereafter, Plaintiff requested a reassignment from District Manager to Manager of a single store, which Pantry granted. Plaintiff was then assigned as manager of Kangaroo Express Store #3763 ("Store #3763"). She remained in that position at that store until her termination on September 19, 2012.

7.

Plaintiff managed Store #3763 for more than two (2) years without incident. During her tenure as manager of Store #3763, Pantry went through several District Managers for the 20502 district. In April, 2012, David Walsh became the District Manager assigned to the 20502 district in which Store #3763 is located.

8.

Plaintiff became pregnant again in 2012. On September 4, 2012, Plaintiff's doctor instructed her to restrict her working hours to no more than five (5) hours per day, or twenty (20) hours per week, in order to protect the health of her unborn child. Plaintiff discussed the doctor's instruction with Mr. Walsh, who informed Plaintiff that they "would work it out."

9.

Also on September 4, 2012, Plaintiff terminated an employee of Store #3763 for dereliction of his job duties, for being behind the register while not on his shift and for sleeping in the parking lot. Plaintiff discussed with Mr. Walsh her reasons for terminating the employee and Mr. Walsh stated that he agreed with the termination of the employee on those bases. Nevertheless, Mr. Walsh instructed the Plaintiff not to enter the employee's termination into the company's records at that time. Plaintiff did as instructed by Mr. Walsh.

10.

The terminated employee threatened the Plaintiff and stated that he was "going to get her fired."

11.

On September 12, 2012, Plaintiff received approval to begin her maternity leave, but she continued to work.

12.

On September 18, 2012, while Plaintiff was reviewing the surveillance tapes for Store #3763, she noticed that Mr. Walsh was also reviewing the surveillance tapes. Mr. Walsh stated at the time, that he was reviewing the tapes for the prior two (2) weeks, relative to the terminated employee.

13.

On September 19, 2013, Plaintiff arrived to her job at 5:30 a.m. and worked for approximately 7-1/2 hours, leaving at that time for a doctor's appointment. While Plaintiff was away from the store, she was contacted by Mr. Walsh, who requested that she return to the store after her doctor's appointment for a meeting with him and Mr. Ray Duvall, the regional manager.

14.

Plaintiff arrived back at Store #3763 on the afternoon of September 19, 2013 to meet with Messrs. Walsh and Duvall, as per Mr. Walsh's request. In the meeting, Plaintiff was informed by Mr. Walsh that her employment was being terminated because he had discovered while reviewing store surveillance tapes on September 18, 2012, that Plaintiff had permitted a non-Pantry employee, known to Plaintiff and the other employees of Store #3763 as "Mr. Mike," to assist her with stocking and moving heavy items about the store several days earlier.

15.

Mr. Mike is a retiree who had been a regular customer of Store #3763 for a period of approximately ten (10) years, spending a great deal of time in and around the store. As such, he was well-known to Plaintiff at the time of the incident. Mr. Walsh was aware prior to September 18, 2012 that, on occasion, Mr. Mike helped Plaintiff out around the store; yet, he had never subjected Plaintiff to disciplinary action on that account before.

16.

Plaintiff is aware of several incidents in which Pantry employees who committed similar or more egregious violations of company policy than allowing a long-time customer to assist her, while pregnant, with moving heavy objects and stocking shelves, were not terminated or otherwise subjected to disciplinary action. For example, in Kangaroo Express Store #3468, a sales associate permitted a non-Pantry employee to enter the storage area and steal cigarettes while the sales

associate acted as a "look-out."  Also, in Kangaroo Express Store # 3767, an employee allowed two individuals who were known to her into the back room to steal merchandise. Further the Assistant Managers of Kangaroo Express Stores #3767 and 3768 have permitted their husbands, neither of whom are employed by Pantry, to enter into unauthorized areas and to assist them in the stores. Although the store Managers and the District Manager were, and are, aware of these incidents, none of the employees involved in those incidents were terminated or otherwise subjected to any disciplinary action by Pantry.

17.

Following Plaintiff's termination, Mr. Walsh reinstated the terminated employee, claiming that because Plaintiff had not entered the termination into the system, the employee had not been officially terminated and that, as a result, Mr. Walsh was required to permit him to return to work. This, despite the fact that the only reason that Plaintiff had entered the termination into the system was that Mr. Walsh instructed her not to.

18.

Based on the foregoing, Pantry's reasons for terminating Plaintiff's employment are pretextual and, the real reason that Pantry terminated Plaintiff's employment is because she was pregnant and about to go on an extended maternity leave.

19.

Following her termination, Plaintiff timely filed a Charge of Discrimination with the New Orleans office of the Equal Employment Opportunity Commission ("EEOC"). On April 27, 2013, Plaintiff received a Dismissal and Notice of Rights (a "Right to Sue Notice") from the EEOC.

20.

The Pantry's actions in terminating Plaintiff's employment on account of her pregnancy constitute a violation of 42 U.S.C. §2000e-2(a)(1) and La. R.S. 23:332.

21.

As a result of her wrongful and discriminatory termination, Plaintiff is entitled to and seeks reinstatement to her position as Manager of Store #3763, together with all wages and accrued benefits to which she would have otherwise been entitled but for her wrongful termination. Plaintiff is further entitled to and seeks damages for emotional distress and trauma suffered by her as a result of her wrongful termination, as well as reasonable attorney's fees and all costs of these proceedings, all in accordance with applicable federal and state law.

WHEREFORE, plaintiff, Nancy Bouey, requests that after due proceedings are had, there be judgment herein in her favor and against, defendant, The Pantry, Inc. d/b/a Kangaroo Express:

1.  Finding that her termination was wrongful, impermissible and discriminatory under applicable federal and state law;

2.  Ordering defendant to reinstatement her to her former position as Manager of Kangaroo Express Store #3763;

3.  Awarding her all back-pay and other benefits to which she would otherwise have been entitled but for her wrongful termination;

4.  Awarding her damages, in an amount to be proven at trial, for emotional distress directly caused by her wrongful termination;

5.  Awarding her reasonable attorney's fees in an amount to be demonstrated at trial;

6.  Taxing all costs of these proceedings to defendant; and,

7.  Awarding her all general and equitable relief.

Respectfully submitted,

David R Paddison up
DAVID R. PADDISON (#7568)
600 Covington Center
Covington, Louisiana 70434
Phone: (985) 893-2280
Fax: (985) 893-2511

**PLEASE SERVE:**
**The Pantry, Inc. d/b/a Kangaroo Express**
**through its registered agent for service of process:**
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana 70802

A TRUE COPY
Jessica Schwent
D CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

**STATE OF LOUISIANA**

NO. 2013-13453                                                 DIVISION "F"

NANCY BOUEY

**VERSUS**

**THE PANTRY, INC.**
**d/b/a KANGAROO EXPRESS**

FILED: _July 24, 2013_                          _Jessica Schouest_
                                                                    DEPUTY CLERK

## VERIFICATION

STATE OF LOUISIANA
PARISH OF ST. TAMMANY

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**NANCY BOUEY**

who deposed and stated that she has read the foregoing Petition for Damages and that all of the

allegations of fact contained therein are true and correct to the best of her knowledge, information

and belief.

_Nancy Bouey_
NANCY BOUEY

Sworn to and subscribed before me,
this _16_ day of July, 2013.

_____
DAVID R. PADDISON (7568)

**A TRUE COPY**
_Jessica Schouest_
DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

